UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOEN AL TEMIMI,

    Plaintiff,

v.                                                          Case No. 10-cv-11619
                                                           Paul D. Borman
                                                           United States District Judge

DEPARTMENT OF HOMELAND SECURITY,
Janet Napolitano, Secretary; UNITED STATES
CITIZENSHIP AND IMMIGRATION SERVICES

    Defendants.

_____/

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

### I.  INTRODUCTION

This case involves *pro se* Plaintiff Moen Al Temimi's Form N-400, Application for Naturalization.  The Complaint was filed on April 21, 2010.  (Dkt. No. 1).  In lieu of an Answer, the Department of Homeland Security and the United States Citizen Immigration Services ("USCIS") (collectively, "Defendants") filed the instant Motion to Dismiss on July 6, 2010. (Dkt. No. 6).  Plaintiff did not respond, and the time to do so has expired.  Oral argument was held on January 6, 2011[1].

For the reasons stated below, the Court will grant Defendants' Motion and dismiss

---

[1] The Complaint is written in English and signed only by Plaintiff, Moen Al Temimi. However, less than an hour before the hearing on this matter, Plaintiff's daughter contacted the Court, stated that Plaintiff does not speak or understand English, and requested either an interpreter or an adjournment.  The Court instructed her to come to the Court with her father.  In Court at the hearing, the Court first determined that Plaintiff's daughter fully understood English, and then had her interpret for her father.

Plaintiff's Complaint without prejudice.

## II. BACKGROUND

According to his Complaint, Plaintiff entered the United States in August of 1994 and obtained residency status.  He first applied and interviewed for naturalization in 2000.  The USCIS closed his case in 2002 and informed Plaintiff that he needed to reapply.

Plaintiff reapplied for naturalization on April 6, 2009, and claimed a medical waiver due to a "developmental disability and mental impairment."  Plaintiff claims that a medical certification signed by a physician was attached to his application.  Plaintiff's naturalization interview was scheduled for August 24, 2009[2].  Plaintiff had not received a decision on his application as of the filing of his Complaint on April 21, 2010, but a decision denying Plaintiff's application was made eight days later on April 29, 2010.  (Defs.' Mot. Ex. A - USCIS Decision Letter).

Plaintiff complains that USCIS's delay in making a decision on his application was unreasonable.  After USCIS rendered its decision, Defendants filed the instant Motion to Dismiss, arguing that Plaintiff's claim is now moot.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a claim due to a lack of subject matter jurisdiction.  "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists."  *DLX, Inc. v. Kentucky*, 381

---

[2] However, the decision letter from USCIS states that Plaintiff appeared for his interview on October 29, 2009.  (Defs.' Mot. Ex. A).

F.3d 511, 516 (6th Cir. 2004). Because Defendants have presented evidence outside of the pleadings, the Court construes this motion as an attack on the factual basis for Plaintiff's claim.

### IV. ANALYSIS

Defendants argue that Plaintiff's claim became moot after USCIS issued its decision letter, and that this Court lacks jurisdiction over any claims regarding his naturalization application.

"A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006).

In his Complaint, Plaintiff states, "My basic demands from the USCIS is [sic] to approve my N-400 application or other wise [sic] the USCIS can sent [sic] me to any certified psychiatric and a certified medical physician to be examined in order to grant the medical waiver." After receiving the USCIS letter denying his application, Plaintiff did not seek to amend his Complaint and seek review in this Court of his denial. More than eight months have elapsed since Plaintiff received notice that his application was denied.

At oral argument on the instant Motion, Defendants' counsel stated that Plaintiff appealed the denial of his N-400 application for an administrative review. Because of a conflict that occurred during the review process, the reviewing official could not render a decision. Instead, Plaintiff's interview was rescheduled for December 2, 2010. Plaintiff and his daughter admitted at the hearing that they attended the December 2 interview, and that they are awaiting a final decision from that interview.

Plaintiff's Complaint essentially requests adjudication of his naturalization application; the application has since been adjudicated by USCIS, as well as appealed, and Plaintiff received a second interview on December 2, 2010.  Accordingly, Plaintiff is awaiting a decision from the USCIS interview hearing on December 2, 2010, five weeks ago.

There is no legal basis for the Court to intervene now in the administrative process.  The Court will dismiss Plaintiff's Complaint without prejudice.

## V.  CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendants' Motion and **DISMISS** Plaintiff's Complaint **WITHOUT PREJUDICE**.

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 12, 2011

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 12, 2011.

S/Denise Goodine
Case Manager